FEDERSPIEL *v.* THE MITCHELL BRICK CO.

*Real property—Correction of description in deed—Monuments control courses and distances—Evidence of mistake in description justifying reformation.*

1. Monuments control courses and distances.
2. Evidence *held* clear and convincing as to mistake in description in deed, justifying reformation.

(Decided January 11, 1926.)

APPEAL: Court of Appeals for Hamilton county.

*Messrs. Eckert, Cordes & Raidt,* for plaintiff.
*Messrs. Burch & Peters,* and *Mr. S. Geismar,* for defendant.

HAMILTON, J. This case is here on appeal from the court of common pleas of Hamilton county,

Ohio, and is an action to correct a description in a deed.

Plaintiff, Elizabeth Federspiel, claims in the amended petition that the description in the deed was incorrect, and was made by mistake, and prays that the deed may be reformed so as to properly describe the premises intended to be conveyed.

The answer makes the issue by setting up a general denial, and relying on the correctness of the description in the deed.

It appears that the plaintiff was at one time the owner of certain real estate in section 35, town 3, range 1, in Delhi township, Hamilton county, Ohio, being lots in Samuel Moore's subdivision, and that she conveyed the east one-half thereof to Mary Federspiel. In dividing the tract, for the purposes of this conveyance, Houston Coates, assistant county surveyor, made a survey. Later the Mitchell Brick Company desired to purchase from the plaintiff the property which she still owned between the Baltimore & Ohio Railroad and the Ohio river, and, after some negotiations, a contract of sale was entered into between the plaintiff and the defendant, and the general description in the contract is as follows:

"All that real estate in section 35, town 3, range 1, * * * now in the name of Elizabeth Federspiel, on the records of Hamilton county, Ohio, and being all of her property between the Ohio river and the Baltimore & Ohio Railroad."

Then follows the description by metes and bounds, mentioning an iron bar as the northeast corner.

Pursuant to the contract, a deed was made and

delivered. The description in the deed of the property conveyed is by metes and bounds, and takes in a strip of ground 35 feet wide, on the east side of the property, extending from the Baltimore & Ohio Railroad south to the Ohio river, which Elizabeth Federspiel did not then own, and not contained in the description in the contract of sale. It may be said in passing, although not necessary to the determination of the question, that she afterwards acquired title to the east half of the whole property.

The record leaves the situation in confusion as to the east line, owing to mistakes in the platting of the property. It seems that in the beginning the lot lines were established at the north end, and were then run on the recorded plat without direction or measurement, so that the lot line, as shown on the plat, could not be a reliable line on which to base a description. This situation seems to have been recognized by counsel for defendant at the time of the purchase, as he voluntarily undertook to make a description for the deed, but was unable to do so, and so informed plaintiff. Whereupon, plaintiff procured the services of Mr. Eckert, and he undertook to draw a description of the property conveyed. Both parties, it seems, undertook to find the line of the property owned by Elizabeth Federspiel between the Baltimore & Ohio Railroad and the Ohio river. It is in evidence that counsel agreed that they could not get an accurate location of the east line.

What took place at the preliminary negotiations is in dispute. The evidence of Mr. Coates, the surveyor, clearly establishes the east line of the holdings of Mrs. Federspiel at the time to have been as

claimed by plaintiff here.. He states that in dividing the property he set iron bars on the line and at the railroad, and that he recently found a concrete monument where the iron bar was placed. The contract of sale provides for this iron bar as the corner. The deed runs the line to the east line of lot 3, which would be 35 feet farther east. Just what Mrs. Federspiel owned at the time of entering into the contract and the execution of the deed is well established by the Coates line. The defendant was only seeking to buy Mrs. Federspiel's holdings. She only sought to sell what she owned. That the mistake could easily be made is shown by the evidence of the defendant as well as by that of the plaintiff.

Eckert testifies that counsel for the brick company had stated to him, when they prepared the deed and were having difficulty with the description, that, if there was any error, it would be corrected. Geismar denies this. However, it is clear that there was uncertainty and confusion as to the description at the time the deed was drawn. Had the description in the deed followed that of the signed contract of sale, there would have been no difficulty, but the error seems to have arisen in making a more accurate description than the contract undertook to do.

It is in evidence, and is not disputed, that the brick company established concrete monuments on the boundary as contended for by plaintiff, where Coates had set iron bars.

The evidence of Mr. Mitchell is to the effect that what he was seeking was 600 feet along the railroad, and insists that this was what he was entitled

to under the deed; but the description in the deed makes the distance far short of this, so that the distance cannot control.

It is the law that monuments control courses and distances. We have only mentioned some of the high points in the evidence which occur to us as important. While there are other points in the evidence bearing on the question at issue, we do not find it necessary to discuss them further. The proof of a mistake in the description in the deed is clear and convincing.

The plaintiff is entitled to the relief prayed for in the amended petition, and the same will be granted.

*Decree for plaintiff.*

BUCHWALTER, P. J., and CUSHING, J., concur.